**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 3, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BETTY DIANE EVANS,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 12-5097
(D.C. No. 4:10-CV-00690-TLW)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **BRISCOE**, Chief Judge, **HOLLOWAY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

      Plaintiff-appellant Betty Diane Evans appeals from an order of the district

court affirming the Commissioner's decision denying her application for

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in this action.

[**]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Supplemental Security Income benefits (SSI). Ms. Evans filed for these benefits on August 18, 2008, with a protected filing date of August 14, 2008. She alleged disability based on arthritis in her hand, neck and back, and emotional problems. The agency denied her applications initially and on reconsideration.

On February 25, 2010, Ms. Evans received a de novo hearing before an administrative law judge (ALJ). The ALJ determined that she retained the residual functional capacity (RFC) to perform the full range of light and sedentary work, limited by her inability to climb ropes, ladders, and scaffolds, and her inability to work in environments where she would be exposed to unprotected heights and dangerous moving machine parts. She would be able to understand, remember, and carry out simple to moderately detailed instructions and could interact with co-workers and supervisors, under routine supervision.

Given this RFC, the ALJ found that Ms. Evans could return to her past relevant work as a motel housekeeper and a lawn worker. Alternatively, there were a significant number of other jobs that she could perform in the national or regional economy, including laundry sorter, assembler, bonder assembler, and sorter. Applying the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, Subpt. P, App. 2, rule 202.17 (the grids) as a framework, the ALJ concluded that Ms. Evans was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision.

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. *See id.* at 751 n.2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains a sufficient RFC to perform work in the national economy, given her age, education and work experience. *See id.* at 751.

Here, the ALJ denied benefits alternatively at both steps four and five. On appeal, Ms. Evans asks whether the ALJ (1) deprived her of her right to due process by failing to make a full and fair inquiry and by citing to alleged evidence not in the record; (2) performed a proper evaluation of her past drug and alcohol abuse; (3) properly included all of her impairments in his hypothetical questions to the vocational expert; (4) properly considered the medical source evidence; and (5) performed a proper credibility determination. The district court considered each

of these questions and, in a well-reasoned and thorough opinion and order, concluded that appellant failed to demonstrate reversible error in the ALJ's decision.

Having carefully reviewed the issues presented in light of the briefs, the record, and the applicable law, including the appropriate standards of review set forth above, we affirm the denial of benefits for substantially the reasons stated in the district court's Opinion and Order, dated March 28, 2012.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge